UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>  v.<br><br>HONEYWELL INTERNATIONAL<br>INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Misc. Action No. _____

**Petition for a Temporary Restraining Order and Preliminary Injunction**

## INTRODUCTION

This is an action by the United States Equal Employment Opportunity Commission ("EEOC") brought pursuant Section 706(f)(2) of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e-5(f)(2); Section 107 of the Americans with Disabilities Act, 42 U.S.C. § 12117 (which incorporates Section 706(f)(2)); Section 207(a)(1) of the Genetic Information Nondiscrimination Act, 42 U.S.C. § 2000ff-6(a)(1) (which also incorporates Section 706(f)(2)); and Fed. R. Civ. P. 65 to obtain a Temporary Restraining Order and a Preliminary Injunction enjoining defendant Honeywell, Inc., from seeking to impose penalties on employees who do not participate in its biometric testing, or whose spouses do not participate.

1

The EEOC's action for preliminary relief is authorized by statute.  The proposed medical testing is not voluntary, and therefore violates the Americans with Disabilities Act.  The testing imposes penalties on employees whose spouses do not provide their medical information, and therefore violates the Genetic Information Nondiscrimination Act.  The testing, if allowed to go forward, will cause irreparable harm to the EEOC because it will interfere with the EEOC's processes under the statutes.  The EEOC will be irreparably harmed because it will be unable to prevent imminent violations of anti-discrimination laws that it is tasked with enforcing. Honeywell employees will be irreparably harmed because they will be forced to go through an unlawful test without knowing whether their rights will be remedied in the future.  If the employees are forced to take the medical tests (which include a blood draw), they can never be made whole through monetary remedies.  Honeywell will not be harmed by the granting of preliminary relief.   The public interest supports granting the preliminary relief.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1343, and 1345.

2.     This action is authorized and instituted pursuant to:

2

a.     Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(2) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(2).

b.     Section 207(a)(1) of the Genetic Discrimination in Employment Act ("GINA"), 42 U.S.C. § 2000ff-6(a)(1), which also incorporates by reference 706(f)(2) of Title VII, 42 U.S.C. § 2000e-5(f)(2).

c.     Section 706(f)(2), of Title VII, 42 U.S.C. § 2000e-5(f)(2); and

d.     Fed. R. Civ. P. 65.

3.     The discrimination complained of is occurring within the jurisdiction of the United States District Court for the District of Minnesota.

4.     Venue lies with this Court under 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3).

## PARTIES

5.     Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of the Title I of the ADA and Title II of GINA.  The EEOC is expressly authorized to bring this action by Section 706(f)(2) of Title VII, 42 U.S.C. § 2000e-5(f)(2),

which is incorporated by reference in Section 107 of the ADA, 42 U.S.C.

§ 2000e-5(f)(2), and Section 207 of GINA, 42 U.S.C. § 2000ff-6(a)(1).

6.     At all relevant times, Defendant Honeywell has continuously

been doing business and operating facilities in the State of Minnesota, and

has continuously had at least fifteen employees.

7.     At all relevant times, Defendant Honeywell has continuously

been an employer engaged in an industry affecting commerce within the

meaning of Section 101(5)(A) of the ADA, 42 U.S.C. § 12111(5)(A), and

Section 201(2)(b), 42 U.S.C. § 2000ff-2(B) of GINA.

## STATEMENT OF SUBSTANTIVE ALLEGATIONS

8.     Honeywell has a health benefit plan for employees.  Employees

contribute to this plan through payroll contributions.

9.     Employees at Honeywell also can maintain Health Savings

Accounts ("HSA").  The HSA is a tax-free account for the employees to use to

pay for eligible out-of-pocket health care expenses.

10.     In about August or September 2014, Honeywell announced to its

employees that they (and their spouses if they had family coverage) are to

undergo biometric testing by a Honeywell vendor for the 2015 health benefit

year.

11.     The biometric test includes a blood draw.

4

12.     Through the biometric testing, the employees' and their spouses' results will be screened for blood pressure (systolic and diastolic), HDL and total cholesterol, glucose, and height, weight and waist circumference (BMI).

13.     The biometric screening will also check for nicotine or cotitine.

14.     Employees will be penalized if they or their spouses do not take the biometric tests:

   a.     The employee will lose HSA contributions from Honeywell, which range up to $1500 depending on the employees' annual base wage and type of coverage;

   b.     The employee will be charged a $500 surcharge that will be applied to their 2015 medical plan costs;

   c.     The employee will be charged a $1000 "tobacco surcharge," even if the employee chooses to not go through the biometric testing for reasons other than smoking; and

   d.     The employee will be charged another $1000 "tobacco surcharge" if his or her spouse does not submit to the testing, even if the spouse declines to participate for reasons other than smoking.

15.     In total, an employee could suffer a penalty of up to $4000 through surcharges and lost HSA contributions.

16.     Honeywell initially told its employees that it would use the results of the biometric tests to impose "goals" on the employees where they would be required to reduce their risk factors, such as their blood pressure, or lose their HSA contributions.  Although Honeywell has informed its employees that it has delayed this part of its program for 2015, it also has stated that it has not decided whether to pursue this aspect of the program in 2016.

17.     Honeywell has informed its employees that its onsite testing is scheduled to begin on October 22, and to continue through October 31.

18.     On October 16, 2014, Keenan Hall filed a charge of discrimination with the EEOC.  In his charge, he alleged that Honeywell's biometric testing was an unlawful medical examination that violated the ADA and GINA.

19.     That same day, October 16, 2014, the EEOC received an unperfected charge from SueAnn Schwartz.

20.     On the afternoon of October 16, 2014, the EEOC served the charges on Honeywell by email and fax; the charges also went out by U.S. Mail the next day.

21.     With the service, the Chicago District Director notified Honeywell that, based upon the EEOC's review of available information, it appears that

Honeywell, Inc.'s threat to withhold inducements or to impose penalties on employees who do not participate in Honeywell's biometric testing violates the ADA and GINA.

22.    The EEOC District Director also requested that Honeywell agree to interim relief pending the EEOC's investigation of the charge.

23.    The EEOC District Director requested that Honeywell agree to (a) contact its employees to advise them that Honeywell will not seek to impose any penalty or cost upon them if they decline to go through Honeywell's biometric testing; (b) not impose any penalty or cost upon any employee who declines to participate in Honeywell's biometric testing;  (c) not reduce any contribution to a health savings account or impose any surcharge on an employee because the employee declined to undergo biometric testing; and (d) not impose any penalty or cost upon an employee because the employee's spouse has not participated in biometric testing, or provide any inducement to an employee's spouse to participate in the testing.

24.    Honeywell did not agree to the interim relief.

25.    Therefore, the EEOC District Director has concluded that prompt judicial action in the form of preliminary relief is necessary to carry out the purposes of the ADA and GINA, and to avoid irreparable harm to the EEOC and Honeywell's employees.

7

26.     The EEOC sought the same relief from Honeywell that it seeks in this application.

## COUNT I:  Claims relating to the ADA

27.     The EEOC incorporates by reference paragraphs 1-25 herein.

28.     Honeywell's biometric testing is a medical examination within the meaning of Section 102(d)(5) of the ADA, 42 U.S.C. § 12112(d)(4)(A).

      a.     It requires a blood draw.

      b.     It is performed by health care professionals.

      c.     It is interpreted by health care professionals.

      d.     It is designed to evaluate physical health.

      e.     Medical equipment is used.

29.     Honeywell's biometric testing is not intended to determine whether the employees can perform the essential functions of their jobs or pose a direct threat to the health or safety of themselves or others.

30.     Honeywell's biometric testing is not job-related or consistent with business necessity.

31.     Honeywell imposes a penalty upon employees to make them participate in the biometric testing.

32.     Honeywell's biometric testing is not voluntary.

33.    Honeywell's biometric testing is an unlawful medical examination of current employees in violation of Section 102(d)(5) of the ADA, 42 U.S.C. § 12112(d)(4)(A).

## COUNT II: Claims relating to GINA

34.    The EEOC incorporates by reference paragraphs 1-26 above.

35.    If the employees' spouses are covered on their health benefit plan, Honeywell also requires the spouses to undergo the biometric testing or the employees incur penalties and lose incentives.

36.    Honeywell is offering an inducement within the meaning of GINA to obtain medical information of its employees' spouses, including information that can show hypertension, diabetes, and potentially other conditions.

37.    Medical information relating to manifested conditions of spouses is family medical history – or genetic information – under GINA.  29 C.F.R. § 1635.3(a)(1), 29 C.F.R. § 1635.8(ii)(B).

38.    Honeywell is offering an inducement to its employees to acquire genetic information in violation of GINA.  29 C.F.R. § 1635.3(a)(1), 29 C.F.R. § 1635.8(ii)(B).

39.     Honeywell is violating Section 202(b) of GINA, 42 U.S.C.

§ 2000ff-1(b), through its requirement that employees' spouses undergo

medical testing or the employee will lose inducements and incur surcharges.

### STATEMENT OF NEED FOR PRELIMINARY RELIEF

40.     The EEOC incorporates paragraphs 1-39 above.

41.     The EEOC is charged with enforcement of the ADA and GINA.

The statutes confer upon the EEOC the authority to investigate charges of

discrimination, issue determinations on whether there is reason to believe

the statutes have been violated, and if so, attempt to resolve the matter

through informal methods of conciliation.  Section 706 of Title VII, 42 U.S.C.

§ 2000e-5.

42.     The EEOC is authorized to seek preliminary relief from court

whenever it concludes that prompt judicial action is necessary to carry out

the purposes of GINA and the ADA.  Section 706(f)(2) of Title VII, 42 U.S.C.

§ 2000e-5(f)(2).

43.  The EEOC has concluded that prompt judicial action is necessary

to carry out the purposes of the ADA and GINA.

44.  If the preliminary relief requested by the EEOC is not issued,

violations of the ADA and GINA will occur even though a charge has been

filed before the EEOC.

45.     If the preliminary relief requested by the EEOC is not issued, the

EEOC will be irreparably harmed in its ability to enforce the provisions of

the ADA and GINA.

46.     If the preliminary relief requested by the EEOC is not issued,

Honeywell employees will be forced to take the medical tests to avoid the

penalties imposed by Honeywell.

47.     Keenan Hall, SueAnne Schwartz and other employees object to

the tests.

48.     If preliminary relief is not issued, Honeywell employees will be

forced to take an unlawful examination, both because of the magnitude of the

penalty and the inability to know whether they may recover some of the

penalties imposed through future proceedings.

49.     Once the employee takes the medical examination, the employees

cannot "unring the bell."

50.     There is no adequate remedy at law for unwarranted, unwanted,

and unlawful medical examinations.  Once the test is taken, the violation of

the statutes cannot be adequately remedied through monetary relief.  The

EEOC and the employees will incur irreparable harm.

51.     If Defendant is not restrained and enjoined, the damage intended

to be avoided by the ADA and GINA will be incurred.

52.     Defendant Honeywell will not be injured by the issuance of a

TRO or preliminary injunction.

53.     The issuance of the preliminary relief is in the public's interest.

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A.     Issue a Temporary Restraining Order until this matter can be

heard more fully that:

1.     Requires Honeywell, Inc., to contact all employees to advise

them that, until further notice, Honeywell will not seek to

impose any penalty or cost upon them if they decline to go

through Honeywell's biometric testing;

2.     Enjoins Honeywell, Inc., from imposing any penalty or cost

upon any employee who declines to participate in

Honeywell's biometric testing;

3.     Enjoins Honeywell, Inc., from reducing any contribution to a

health savings account, or imposing any surcharge on an

employee, because the employee declined to undergo

biometric testing; and

4.     Enjoins Honeywell, Inc., from imposing any penalty or cost upon an employee because the employee's spouse has not participated in biometric testing.

B.     Upon consideration of the evidence and arguments of counsel, enter a Preliminary Injunction, to continue until final disposition of the charge of discrimination before the EEOC, that:

1.     Requires Honeywell to contact all employees to advise them that Honeywell will not seek to impose any penalty or cost upon them if they decline to go through Honeywell's biometric testing;

2.     Enjoins Honeywell, Inc., from imposing any penalty or cost upon any employee who declines to participate in Honeywell's biometric testing;

3.     Enjoins Honeywell, Inc., from reducing any contribution to a health savings account, or imposing any surcharge on an employee, because the employee declined to undergo biometric testing; and

4.     Enjoins Honeywell, Inc., from imposing any penalty or cost upon an employee because the employee's spouse has not participated in biometric testing.

C.    Award the EEOC its costs in this action.


EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel


GWENDOLYN YOUNG REAMS
Associate General Counsel

131 M Street, N.E.
5th Floor
Washington, D.C.  20507


s/ John C. Hendrickson
John C. Hendrickson
Regional Attorney

s/ Jean P. Kamp
Jean P. Kamp
Associate Regional Attorney

Chicago District Office
500 West Madison Street, Suite 2000
Chicago, Illinois  60661
Telephone:  (312) 869-8116
Facsimile:   (312) 869-8124
jean.kamp@eeoc.gov

s/ Laurie Vasichek
Laurie Vasichek ( 171438 )
Senior Trial Attorney

Minneapolis Area Office
330 Second Avenue South, Suite 720
Minneapolis, Minnesota  55401
Telephone:  (612) 335-4061
Facsimile:   (612) 335-4044
laurie.vasichek@eeoc.gov